JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Charles Hall, appeals his sexual predator classification after a H.B. 180 hearing in the Cuyahoga County Court of Common Pleas. Finding no error in the proceeding below, we affirm.
 {¶ 2} Hall committed at least two incidents of sexual abuse against his niece, who was six years old. On one occasion, Hall pulled down his pants and the victim's pants and underwear and licked her vagina. On another occasion, Hall took the victim to the bathroom, exposed himself to her and tried to pull down her pants and have her lick his buttocks.
 {¶ 3} Hall was charged with one count of rape of a victim under the age of 13, with a furthermore specification (force), and one count of attempted rape of victim under the age of 13, with a furthermore specification (force). Hall pled guilty to one count of rape without the furthermore specification. The remaining count was nolled. The court sentenced Hall to seven years in prison and classified him as a sexual predator.
 {¶ 4} Hall appeals his classification, advancing one assignment of error for our review:
 {¶ 5} "The evidence is insufficient, as a matter of law, to prove by `clear and convincing' evidence that appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 6} In order for an offender to be classified a sexual predator, the state of Ohio must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. State v.Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 7} R.C. Chapter 2950 governs sexual predators, habitual sex offenders, and sexually oriented offenders. More specifically, under R.C. 2950.09(B)(3), when determining whether a defendant is likely to engage in future sexually oriented offenses, the trial court must consider all relevant factors, including, but not limited to, the following: (a) the offender's age; (b) the offender's prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim and whether the conduct was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the offense, displayed cruelty or threatened cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3) (formerly 2950.09(B)(2)).
 {¶ 8} With respect to these factors, the Supreme Court of Ohio has stated that these factors serve as "guidelines" to assist judges in determining whether a defendant who committed a sexually oriented offense is a sexual predator. State v.Thompson, 92 Ohio St.3d 584, 587, 2001-Ohio-1288. Further, these guidelines do not control a judge's discretion; rather, a judge is required only to "consider all relevant factors" including, but not limited to, those listed in R.C. 2950.09(B)(3). Id. The statute does not direct the court what weight, if any, a judge must assign to each factor. Id. at 588. As the Supreme Court of Ohio reasoned, "[s]uch an interpretation makes sense because determining recidivism is at best an imperfect science and while the guidelines set forth potentially relevant factors, some may not be applicable in every case." Id. Accordingly, "`the trial court should consider the statutory factors listed in [R.C.2950.09(B)(3)], and should discuss on the record the particularevidence and factors upon which it relies in making its determination regarding the likelihood of recidivism.'" Id., quoting Eppinger, 91 Ohio St.3d at 166. (Emphasis added.)
 {¶ 9} In this case, the record reflects that the court considered all R.C. 2950.09(B)(3) factors prior to making its decision. Among the factors discussed on the record were Hall's age, his lengthy criminal record, his lack of rehabilitation, the nature of the offender's sexual conduct with the victim, the victim's age, Hall's relationship to the victim, Hall's mental illness, and his alcohol and drug dependence. Also, the trial court considered the results of the AASI, which indicated that Hall had a significantly measured interest in preschool-aged females, elementary-school-aged females, adolescent females, adult females and preschool-aged males. Finally, the court considered the results of the two STATIC 99 evaluations[1]
that placed him in the "moderate to low" and "moderate to high" categories for recidivism. The court discussed in detail the particular evidence and factors upon which it relied in making its determination that Hall is a sexual predator. Upon the record before us, we find the trial court's determination was supported by clear and convincing evidence, and the court did not err in labeling Hall a sexual predator. Hall's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., And Christine T. Mcmonagle, J.,concur.
[1] Apparently, two STATIC 99 evaluations were completed because the author of the report did not know whether Hall's prostitution charge should be considered a contact or non-contact offense.